# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Matthew Gregory Cabbil,  ) | |
| ) | Civil Action No. 1:16-cv-01820-JMC |
| Plaintiff,  ) | |
| ) | **ORDER** |
| vs.  ) | |
| ) | |
| The United States of America,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

Matthew Gregory Cabbil, ("Plaintiff") proceeding *pro se*, filed a Complaint pursuant to 28 U.S.C. § 1915 against the United States of America ("Defendant") seeking redress for various damages and losses resulting from an alleged human radiation experiment. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 26), filed on September 8, 2016, recommending that the district court summarily dismiss the Complaint (ECF No. 1) in this case without prejudice. The Report sets forth the relevant facts and legal standards which this court incorporates herein without recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight – the responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Pursuant to 28 U.S.C. § 636(b)(1), within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations. Plaintiff was advised of his right to file an objection to the Report by September 26, 2016. (ECF No. 26.) Plaintiff and Defendants have not filed any objections to the report.[1]

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis* 718 F. 2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arm*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case and does not contain any clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF

---

[1] Plaintiff filed correspondence with the court, as well as what he asserts is a transcript of a 1995 speech made by President Clinton, during the fourteen-day objection period. (ECF Nos. 28, 29, 30). However, none of the filings state an objection to the Report nor is there any mention of the Report in either the letters or the transcript. (ECF Nos. 28, 29, 30). Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even when construed liberally, Plaintiff's filings do not amount to objections.

2

No. 26) It is therefore **ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice, and without requiring Defendants to file a return.[2]

  **IT IS SO ORDERED.**

                     *J. Michelle Childs*
                     United States District Judge

December 21, 2016
Columbia, South Carolina

---

[2] Plaintiff filed three additional Motions for Leave to Proceed *in forma pauperis.* (ECF Nos. 33, 34, 35). Plaintiff previously filed, and was granted, a Motion for Leave to Proceed *in forma pauperis.* (ECF Nos. 2, 25). There is no further relief the court can provide Plaintiff. As such, the court **DENIES** the three duplicative *in forma pauperis* Motions as moot. (ECF Nos. 33, 34, 35.)